J-S51024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHRISTOPHER PADILLA | |
| Appellant | No. 3129 EDA 2015 |

Appeal from the PCRA Order September 28, 2015
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0000265-2007,
CP-39-CR-0000270-2007, CP-39-CR-0000276-2007,
CP-39-CR-0000289-2007

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:                **FILED JULY 06, 2016**

Christopher Padilla appeals from the order of the Court of Common Pleas of Lehigh County that dismissed his petition to correct an illegal sentence, which the court deemed a petition filed under the Post Conviction Relief Act.[1]  After careful review, we affirm.

On November 5, 2007, Padilla pled guilty to four separate counts of robbery.  On December 17, 2007, the court imposed an aggregate sentence of 15 to 30 years' imprisonment.  In Case No. 265-2007, the court indicated that it would impose a mandatory minimum sentence of five years'

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

incarceration because Padilla possessed a firearm during that robbery. N.T. Guilty Plea Hearing, 11/5/07, at 3, 7. *See* 42 Pa.C.S. § 9712 (sentences for offenses committed with firearms).

Padilla filed timely post-sentence motions that the court denied on January 10, 2008. He filed an appeal to this Court, which affirmed his judgment of sentence on January 9, 2009. *Commonwealth v. Padilla*, 968 A.2d 705 (Pa. Super. 2009) (unpublished memorandum). Padilla did not file a petition for allowance of appeal.

On December 15, 2014, Padilla filed a *pro se* PCRA petition that the court dismissed as untimely on February 20, 2015. On August 11, 2015, Padilla filed a *pro se* "Petition to Correct Illegal Sentence Pursuant to the Court's Inherent Jurisdiction to Correct Illegal Sentences." The court treated the petition as an untimely PCRA petition and on August 26, 2015, issued a notice of intent to dismiss pursuant to Pa.R.Crim.P. 907. Padilla filed a response, and on October 2, 2015, the court dismissed the petition.

This timely appeal followed in which Padilla raises the following issues for our review:

> 1. Whether the lower court erred in treating [Padilla's] petition to correct illegal sentence . . . as a petition filed under the PCRA, holding that the PCRA is the exclusive method for obtaining post trial relief.
>
> 2. Whether the lower court erred in treating [Padilla's] petition to correct illegal sentence as a PCRA [petition], and failing to exercise its inherent jurisdiction/power to correct illegal sentence where a constitutional challenge to a sentence imposed utilizing a mandatory minimum statute that is invalid under *Alleyne v. United States*, [133 S.Ct. 2151 (2013)],

implicates the legality of a sentence and is therefore non-waivable, and correctable by the sentencing/trial court pursuant to the court's inherent power to correct illegal sentences at any time.

Appellant's Brief, at 3.

"Our standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Garcia***, 23 A.3d 1059, 1061 (Pa. Super. 2011) (citations omitted).

Padilla first asserts that the trial court erred by treating his petition as a PCRA petition. However, it is well-settled that "[t]he PCRA . . . is the sole means of obtaining collateral relief in Pennsylvania." ***Commonwealth v. Turner***, 80 A.3d 754, 767 (Pa. 2013). Accordingly, the trial court was required to treat Padilla's filing as a PCRA petition.

Section 9545 of the PCRA provides, in relevant part:

**(b) Time for filing petition. –**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

- 3 -

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review.

42 Pa.C.S. § 9545(b)(1)-(3).

This Court affirmed Padilla's judgment of sentence on January 9, 2009. He did not file a petition for allowance of appeal, and accordingly, his judgment of sentence became final thirty days after that date, on February 8, 2009. *See* Pa.R.A.P. 903(a); 42 Pa.C.S. § 9545(b)(3). Therefore, he had until February 8, 2010 to file a timely PCRA petition. *See* 42 Pa.C.S. § 9545(b)(1). Padilla filed the instant petition on August 11, 2015, more than five years after his judgment of sentence became final.

A court has no jurisdiction to consider an untimely PCRA petition. *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003). Therefore, the PCRA court lacked jurisdiction to consider Padilla's petition

unless he could meet one of the enumerated exceptions included in Section 9545(b)(1)(i)-(iii).

Padilla argues that his mandatory minimum sentence is illegal under **Alleyne v. United States**, 133 S.Ct. 2151 (2013), which held that any fact that increases a penalty must be submitted to a jury and found beyond a reasonable doubt. **Alleyne** was decided on June 17, 2013, and accordingly, had to be raised in a PCRA petition within sixty days of that date. **See** 42 Pa.C.S. § 9545(b)(1)(i), (2). Padilla's petition, filed on August 11, 2015, clearly did not meet the sixty-day requirement. In addition, "[e]ven assuming that **Alleyne** did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that **Alleyne** is to be applied retroactively to cases in which the judgment of sentence had become final." **Commonwealth v. Miller**, 102 A.3d 988, 995 (Pa. Super. 2014).

The trial court properly deemed Padilla's petition to be an untimely PCRA petition. Because a court has no jurisdiction to consider an untimely PCRA petition, **see Robinson**, **supra**, the trial court did not err by dismissing Padilla's filing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/6/2016